Hillsborough,
No. 4864.

Ray E. Wesson

*v.*

Nashua Police Relief Association, Inc.

Argued November 2, 1960.

Decided November 30, 1960.

*Guertin & Widener* and *Normand R. Pelletier* (*Mr. Pelletier* orally), for the plaintiff.

*Louis M. Janelle* and *Sheehan, Phinney, Bass, Green & Bergevin* and *Richard A. Morse* (*Mr. Morse* orally), for the defendant.

WHEELER, J.   The sole issue presented is the interpretation of Art. X, *s.* 1 of the by-laws of the Nashua Police Relief Association, Inc., which provides, "Retired members who shall be retired from active duty under the provisions of the Police Pension Act shall continue to be members of this Association, entitled to all benefits thereunder.   Whenever a member, however, ceases to be a member of the Police Department or of this Association, except by retirement, he shall forfeit all claims to the funds and property of this Association."   The by-laws of the association were adopted September 5, 1941.

It is the contention of the defendant that the benefits incident to membership in the association continue to extend only to those retired members who have retired under the provisions of the "Policemen's Retirement System."   RSA ch. 103.

The plaintiff contends that the provisions of Art. X which continue the benefits of the association to retired members of the police department " . . . who shall be retired from active duty under the provisions of the Police Pension Act . . . " also include those who have retired under the provision of Laws 1923, *c.* 226, as amended.

The declared purposes of the association as set forth in the by-laws are "(a.)   To afford aid and relief to the sick members of the corporation and to help defray expenses caused by the decease of a member or of his wife" and "(b.)   To establish peaceful and harmonious relations between its members and their employers, to improve their wages and hours of work, to increase their job security and to better their other working conditions."   A member is also entitled to life insurance coverage of five thousand dollars under a group life insurance plan under Art. IX, *s.* 2.

We think the words of Art. X *s.* 1 "Retired members who shall be retired from active duty under the . . . *Police Pension Act* shall continue to be members of this Association . . . " failed to identify any specific legislative act.   (Emphasis supplied).   A police officer is entitled to be a member of the association without being a member of the retirement system established by RSA ch. 103.   All members pay the same dues.   At the time the by-laws were adopted on September 5, 1941, the incorporators presumably were aware of the existence of both Laws 1923, *c.* 226 and RSA ch. 103, yet no attempt was made beyond the use of the words "Police Pension Act" to further define eligibility for continuing membership in the association after retirement.   The words "Police Pension Act" as

used in Art. X of the by-laws of the association are construed as words of general application, intended to apply to policemen who are members of either pension plan. The agreed statement of facts indicates that all retired policemen benefit under the provisions of the 1923 act. If members of the association who retired under this act were intended to be excluded from continued membership in the association more distinct identification of the act could readily have been provided. By-laws must be construed reasonably and to limit the application of the act as contended by the defendant would result in discrimination between members of the association. We do not think such a result was intended by the incorporators.

Since the ruling and decree of the Trial Court were consistent with these views the order is

*Judgment for the plaintiff.*

All concurred.